UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PARK SOUTHERN NEIGHBORHOOD CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-1675 (RBW) |
| VESTA MANAGEMENT CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

This opinion resolves an order to show cause, issued by this Court on January 29, 2015, which required the parties to show cause why this case should not be remanded to the Superior Court of the District of Columbia ("Superior Court") on the ground that the Court lacks subject-matter jurisdiction to entertain this matter. After careful consideration of the District of Columbia and the District of Columbia Department of Housing and Community Development's (collectively, "District") response to the Court's order,[1] as well as the parties' oral arguments and representations at the various status conferences conducted throughout this case,[2] for the reasons discussed herein, the Court must remand the case back to the Superior Court because it lacks subject-matter jurisdiction.

---

[1] The plaintiff filed no response to the District's brief. The Court, therefore, presumes that the plaintiff either concurs with the District's response to the Court's order or does not oppose remand.

[2] The Court considered the following documents in rendering its decision: (1) the Complaint ("Compl."); (2) the Notice of Removal ("Removal Notice"); (3) the First Amended Complaint ("First Am. Compl."); (4) the Motion to Join Defendant[s] ("Joinder Mot."); (5) the Second Amended Complaint ("Second Am. Compl."); and (6) Defendants District of Columbia[] and District of Columbia Department of Housing and Community Development's Response to [the] Court's January 29, 2015 Order to Show Cause Why This Case Should Not be Remanded to the Superior Court of the District of Columbia for Lack of Diversity Jurisdiction ("District Remand Resp.").

## I.  BACKGROUND

On September 17, 2014, the plaintiff, Park Southern Neighborhood Corporation, a non-profit entity, which represents that its "primary purpose is to make adequate housing available to poor and underprivileged residents of the Park Southern neighborhood of Washington, DC, and provide ancillary and supportive services to such residents," filed this civil action in the Superior Court against defendant Vesta Management Corporation ("Vesta"), a "property management firm," asserting that Vesta has unlawfully converted the plaintiff's real property and tortiously interfered with the plaintiff's contractual and business relationships with various third parties. Compl. ¶¶ 6, 7, 31-43; First Am. Compl. ¶¶ 6, 7, 32-44.  The plaintiff also moved for a temporary restraining order and a preliminary injunction against Vesta.  See, e.g., Removal Notice ¶ 4.  While a hearing on the plaintiff's motion was already underway in the Superior Court, on October 7, 2014, Vesta removed the case to this Court on the basis of diversity jurisdiction.  See id. ¶¶ 6-16; Docket Sheet (ECF No. 2) at 2-5.

After Vesta removed the case from the Superior Court, the plaintiff filed an amended complaint on November 2, 2014.  See First Am. Compl. at 11.  At a status hearing held on November 20, 2014, the Court expressed its concern that the plaintiff necessarily had to join the District to the matter before the Court could hold a hearing on the plaintiff's motion for preliminary relief.[3]  See November 20, 2014 Minute Entry.  Thereafter, the plaintiff moved to join the District, see Joinder Mot. at 1,[4] and the Court granted the motion, see January 15, 2015 Order at 1.  The second amended complaint was filed on January 15, 2015.  See Second Am.

---

[3]  The parties agreed that joinder of the District would be appropriate.

[4]  The plaintiff moved to join the District under Federal Rule of Civil Procedure 20, whereas the Court previously suggested to the parties that joinder of the District was necessary under Federal Rule of Civil Procedure 19. Nevertheless, the mechanism by which the District joined the case is irrelevant to the remand analysis below.

Compl. at 14.  On January 28, 2015, the Court held another status hearing, when, inter alia, it recognized that the joinder of the District had destroyed diversity jurisdiction, and thus it no longer had subject-matter jurisdiction over the case.  See January 28, 2015 Minute Entry.  The District took exception with the Court's position, whereupon the Court permitted the District to brief the issue.[5]  See January 29, 2015 Order at 1.

## II.  ANALYSIS

Pursuant to 28 U.S.C. §§ 1441, 1446 (2012), the defendants in a civil action in a state court may remove an action to a United States district court provided that the action could have originally been brought in the district court.  Upon the timely filing of a notice of removal, the defendants "bear[] the burden of proving that jurisdiction exists in federal court."  Downey v. Ambassador Dev., LLC, 568 F. Supp. 2d 28, 30 (D.D.C. 2008).  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject[-]matter jurisdiction, the [C]ourt may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); see also id. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject[-]matter jurisdiction, the case shall be remanded."); Republic of Venezuela v. Philip Morris Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) (finding that "[w]hen it appears that a district court lacks subject[-]matter jurisdiction over a case that has been removed from a state court, the district court must remand the case").

Specifically, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (internal alteration and quotation marks omitted); see also

---

[5]  To the extent the plaintiff disagreed with the District, it could have filed a response.  See January 29, 2015 Order at 1.

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (same); Merrell Dow Pharms., Inc. v.

Thompson, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the

plaintiff has not advanced."); Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 390 (1998) ("The

status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal,

since the defendant must file his petition before the time for answer or forever lose his right to

remove." (internal alteration and quotation marks omitted)).  The "well-pleaded complaint rule"

recognizes that the plaintiff is "master of the claim" and may rely exclusively on state law to

avoid federal question jurisdiction.  Caterpillar, 482 U.S. at 392; see also Vaden v. Discover

Bank, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule . . . a suit

'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows

that it is based upon [federal law].'" (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S.

149, 152 (1908));  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312

(2005) ("federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of

action created by federal law").  And "[c]ourts in [the District of Columbia] [C]ircuit have

construed removal jurisdiction strictly, favoring remand where the propriety of removal is

unclear."  Ballard v. District of Columbia, 813 F. Supp. 2d 34, 38 (D.D.C. 2011); see also Mizell

v. SunTrust Bank, 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (discussing how "'[c]ourts must strictly

construe removal statutes,' and 'must resolve any ambiguities concerning the propriety of

removal in favor of remand'" (quoting Busby v. Capital One, N.A., 841 F. Supp. 2d 49, 53

(D.D.C. 2012))).

There is no dispute that the Court was divested of subject-matter jurisdiction on the basis

of diversity when the plaintiff joined the District as a defendant in this case.  See District

Remand Resp. at 1 ("[A]s discussed herein, diversity jurisdiction no longer exists . . . ."); id. at 3

Case 1:14-cv-01675-RBW   Document 29   Filed 02/20/15   Page 5 of 9

("The District's joinder, therefore, has eliminated the Court's diversity jurisdiction over this case."). Nevertheless, the District insists that the second amended complaint sufficiently pleads a federal question.[6] See id. at 3. This argument is meritless.

In the second amended complaint, the plaintiff has only alleged District of Columbia common law claims for unlawful conversion, tortious interference with business and contractual relationships, and civil conspiracy against the defendants. Second Am. Compl. ¶¶ 36-56. It has neither asserted a claim nor sought relief under the United States Constitution, a federal statute, or a United States treaty. See 28 U.S.C. § 1441(c)(1)(A) (citing 28 U.S.C. § 1331 (2012), which provides district courts federal-question jurisdiction when a civil action "arise[s] under the Constitution, laws, or treaties of the United States"). Therefore, under the "well-pleaded complaint rule," as the "master" of its claims, the plaintiff has chosen to rely exclusively on state law to avoid federal-question jurisdiction.

Notwithstanding this straightforward application of the "well-pleaded complaint rule," the District argues that the plaintiff "has at all times averred that it sues upon one or more constitutional violations." District Remand Resp. at 3. In particular, the District "underst[ands]" the plaintiff "to [be] assert[ing] a claim for [the] taking of [its] property without just compensation in violation of the Fifth Amendment." Id. But this is nothing more than speculation, see id. at 3 (stating that the plaintiff's multiple complaints are "not models of clarity" (emphasis added)), as the second amended complaint only mentions "constitutional violations" once in passing,[7] see Second Am. Compl. at 1 ("This is a civil action seeking

---

[6] Although the Court's decision to remand this case is driven by its review of the second amended complaint, as that is the operative complaint at issue, a review of the plaintiff's initial complaint and first amended complaint would not yield a different outcome.

[7] Notably, the plaintiff has now had two opportunities to amend the complaint and has yet to assert a constitutional claim.

5

compensatory and punitive damages against the [d]efendants for unlawful conversion of

property, and tortious interference with business relationship[s] and other conduct all in violation

of District of Columbia statutory laws, common law, and constitutional law.").  Aside from this

lone reference in the introductory paragraph of the second amended complaint, the plaintiff never

identifies the "Fifth Amendment," let alone alludes to the United States Constitution again in the

complaint.[8]

This case is akin to Stein v. Am. Express Travel Related Servs., 813 F. Supp. 2d 69

(D.D.C. 2011).  There, faced with a motion to remand the case back to the Superior Court, the

Court entertained the argument that there was federal-question jurisdiction based on the

complaint's "references to the Fourth Amendment."  Id. at 72.  Applying the "well-pleaded

complaint rule," the Court rejected the argument, finding that the "[p]laintiffs ha[d] not [pleaded]

any violation of the Fourth Amendment," "[n]or d[id] they seek any relief under the Fourth

Amendment."  Id.  Likewise, not once does the plaintiff here assert a constitutional claim or seek

any relief based on the Constitution.[9]  Rather, the only claims that have been "well-pleaded" are

District of Columbia common law claims of unlawful conversion of personal property, tortious

interference, and civil conspiracy.  Second Am. Compl. ¶¶ 36-56.  Consequently, it is improper

for this Court to exercise subject-matter jurisdiction over the case.  See Firstenberg v. City of

Santa Fe, N.M., 696 F.3d 1018, 1026-28 (10th Cir. 2012) (passing mention of violation of the

Constitution did "not pass jurisdictional muster" because it did not "satisfy the well-pleaded

complaint rule, for purposes of demonstrating federal-question jurisdiction"); Rossello-Gonzalez

---

[8]  It seems inherently contradictory for the District to apply the "well-pleaded complaint rule" to the plaintiff's multiple complaints that it contends on the one hand are "not models of clarity," while arriving at an outcome that is at odds with the conclusion reached by the Court.  District Remand Resp. at 2-3.

[9]  Moreover, in Stein, the complaint at least identified a constitutional amendment—the Fourth Amendment—as the basis of a potential constitutional violation.  813 F. Supp. 2d at 72.  Here, the District is left to surmise that the plaintiff is potentially asserting a Fifth Amendment claim.  See District Remand Resp. at 3.

v. Calderon-Serra, 398 F.3d 1, 10-11 & n.26 (1st Cir. 2004) ("allegations of violations of 'due

process' and 'equal protection'" did not "present[] a claim under the Federal Constitution"

because there was "[n]o explicit reference to the United States Constitution . . . contained in the

complaint"); Easton v. Crossland Mortg. Corp., 114 F.3d 979, 982 (9th Cir. 1997) (reversing the

district court and ordering it to remand the case to state court where "the plaintiffs alleged state

law claims which included incidental reference to a federal statute and the U.S. Constitution" and

"[t]he remedies sought were founded exclusively on state law"); Hood v. Foster, 928 F.2d 1135,

1135 (7th Cir. 1991) ("Nowhere on the face of his complaint does [the plaintiff] make reference

to the United States Constitution or to any federal laws.  Although [the plaintiff]'s complaint

uses language from [42 U.S.C. § 1983 (1988)], 'under color of state law,' he has not alleged a

violation of a federal right."); cf. Warthman v. Genoa Twp. Bd. of Trs., 549 F.3d 1055, 1064 (6th

Cir. 2008) (holding that award of attorney's fees may be appropriate because it was not

objectively reasonable for the defendant to have "rested removal on an isolated mention of the

Fourteenth Amendment in a carefully drafted complaint that [pleaded] only state-law claims").

The District's reliance on Araya v. JPMorgan Chase Bank, N.A., 775 F.3d 409 (D.C. Cir.

2014), is misplaced.  In Araya, the pro se plaintiff filed suit in Superior Court alleging, inter alia,

that "Fannie Mae was . . . a party that 'upon information and belief had an interest in the

property" at issue, 775 F.3d at 415 (certain ellipses and alterations omitted), and "it is settled law

in [the District of Columbia] Circuit that 12 U.S.C. § 1723a(a) ordinarily creates federal

jurisdiction 'in Fannie Mae cases,'" id. (quoting Pirelli Armstrong Tire Corp. Retiree Med.

Benefits Trust ex rel. Fed. Nat'l Mortg. Ass'n v. Raines, 534 F.3d 779, 785 (D.C. Cir. 2008)).

After the case was removed to this Court, another member of the Court denied the plaintiff's

motion for remand, reasoning that a federal statute conferred jurisdiction on the Court.  Id.

"However, after the denial of the motion to remand, counsel . . . representing Fannie Mae . . .

moved to dismiss the claim against Fannie Mae, informing the District Court for the first time

that there was no basis for Fannie Mae's inclusion in this controversy." Id.  "The documents

attached to [the plaintiff]'s Superior Court complaint ma[d]e it clear that the property in [in

dispute] was purchased . . . by . . . Freddie Mac," and the plaintiff "apparently mistook Freddie

Mac for Fannie Mae." Id.  "The presence of Fannie Mae in th[e] suit [was] therefore entirely

illusory." Id.  Nevertheless, the Circuit found that "[o]n the particular facts presented in this

appeal—in which a pro se D.C. resident accidentally named the wrong federally chartered

corporation as a potentially interested party in his suit against defendants residing outside the

District of Columbia and then sought to correct that mistake by naming the correct federally

chartered corporation—we are satisfied that the District Court had original jurisdiction." Id.

(emphasis added).

Araya is inapposite because the holding was limited to "the particular facts presented . . .

[on] appeal." Id. (emphasis added).  The facts here are not analogous.  There, from the face of

the complaint, the district court was able to glean the basis for federal-question jurisdiction.  But

here no jurisdictional predicate can be identified in the second amended complaint because the

plaintiff has not pleaded any constitutional claims.  Finding no federal-question jurisdiction,[10] the

Court must remand the matter to the Superior Court.  28 U.S.C. § 1447(e) ("If after removal the

plaintiff seeks to join additional defendants whose joinder would destroy subject[-]matter

jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State

court."); LeFande v. Yum Brands, Inc., 238 F. App'x 621, 621 (D.C. Cir. 2007) (remanding case

---

[10]  No party has argued that any of the potential exceptions to the "well-pleaded complaint rule" are applicable. See, e.g., Wash. Consulting Grp., Inc. v. Raytheon Technical Servs. Co., 760 F. Supp. 2d 94, 100-09 (D.D.C. 2011) (discussing exceptions).  Nor could the parties do so as the exceptions are not applicable to the case.

to the Superior Court because "[w]hen the [plaintiffs] amended their complaint to join . . . a

defendant . . . who is nondiverse from the [plaintiffs], the district court lost subject-matter

jurisdiction, which had been based solely upon diversity of the parties' citizenship" (citing 28

U.S.C. § 1447(e))).

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that the case must be remanded to the

Superior Court of the District of Columbia for lack of subject-matter jurisdiction.[11]

**SO ORDERED** on this 20th day, February 2015.

REGGIE B. WALTON
United States District Judge

---

[11]  With the hope of avoiding further delay in the resolution of the plaintiff's demand for injunctive relief, and ultimately the resolution of the case, the Court notes that the Supreme Court has "h[eld] that when a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction, the remand is covered by [28 U.S.C.] § 1447(c) and thus shielded from review by [28 U.S.C.] § 1447(d)." Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 232 (2007).